Case 4:22-cv-03992   Document 21   Filed on 03/19/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TISHA PALMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03992 |
| | § | |
| TEXAS CHILDREN'S HOSPITAL, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is the defendant's, Texas Children's Hospital ("TCH"), motion for summary judgment (DE 17). The plaintiff, Tisha Palms, has responded (DE 19), and TCH has replied (DE 20). After reviewing the filings, the record, and the applicable law, the Court determines that the motion for summary judgment should be **GRANTED**.

### II. FACTUAL BACKGROUND

In this employment discrimination case, the facts show that the plaintiff began working for TCH over 20 years ago. For almost all of those 20 years, she voluntarily received a flu vaccine. The plaintiff decided not to get the flu vaccine in 2021, allegedly due to changing religious beliefs. When TCH mandated flu shots for all employees in 2022, the plaintiff refused and requested an exemption. TCH's exemption form asked employees who had previously received flu shots to "describe how and why your beliefs, practices, or observances may have changed." The plaintiff wrote a paragraph

expressing her conviction that vaccines were unnecessary given God's protection of her, and that her body's being a temple of God meant that she should not receive vaccines. The plaintiff did not say that these beliefs were new, nor did she otherwise explain why her views about vaccines changed.

TCH denied the plaintiff's exemption and told her that she would be placed on unpaid leave if she did not receive the vaccine by November 17. If she still had not received the vaccine by December 2, her employment would be terminated. On November 16—one day before unpaid leave was set to begin—the plaintiff sued TCH.[1] The plaintiff attached an affidavit to her Complaint explaining why her attitude toward flu vaccines had changed. Specifically, the plaintiff alleged that "[w]hen God, during my prayers, focused my attention on Covid and the vaccines developed for it[,] he also made it clear to me . . . that he did not want me to partake of any other vaccines for the very same deeply spiritual reasons." On November 21, TCH sent the plaintiff an email stating that they decided to exempt her from the vaccine mandate based on this new information, and that the plaintiff could return to work the next day. The plaintiff is still employed by TCH today.

---

[1] The plaintiff filed her EEOC charge with the Court, but the record does not show any other progress, delay, or resolution from the EEOC. Neither party has addressed exhaustion. Because exhaustion is not jurisdictional, the Court need not address it *sua sponte*. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); "A failure of the EEOC prerequisite does not rob a court of jurisdiction." *Young v. City of Houston, Tex.,* 906 F.2d 177, 180 (5th Cir.1990).

### III.    CONTENTIONS OF THE PARTIES

TCH argues that the plaintiff cannot make her prima facie case for her failure-to-accommodate-claim because she never adequately informed TCH of the conflict between the policy and her professed religious beliefs. TCH characterizes the plaintiff's objection as conclusory and generalized, especially given her previous willingness to accept vaccines. TCH further insists that even if the plaintiff could make her prima facie case, TCH accommodated her by ultimately granting her exemption request. TCH maintains that the plaintiff's retaliation claims fail because she cannot tie the unpaid leave or notice of termination to protected activity. Finally, TCH argues that any disparate treatment claim fails because the Complaint did not allege disparate treatment, and the plaintiff testified that she was not subjected to religious discrimination other than her exemption denial.

The plaintiff responds that she offered a specific and sincere reason that her religion prohibits her from taking the flu vaccine. She maintains that it is not her duty to explain more than this. The plaintiff asserts that her reinstatement was not a reasonable accommodation because TCH never engaged in an "interactive dialogue" with her, and because she suffered emotional distress during the few days of unpaid leave. Regarding retaliation, the plaintiff insists that she was retaliated against for having received the flu vaccine for many years previously. Finally, the plaintiff argues that she was treated less favorably than her similarly situated colleagues under a disparate treatment theory.

### IV. STANDARD OF REVIEW

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

### V. ANALYSIS & DISCUSSION

*Failure To Accommodate*

Courts analyze Title VII failure-to-accommodate claims under the burden-shifting *McDonnell Douglas* framework. *Davis v. Fort Bend Cnty.*, 765 F.3d 480 (5th Cir. 2014); *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this

approach, the plaintiff must first make a *prima facie* case of religious discrimination. *Antoine v. First Student, Inc.,* 713 F.3d 824, 831 (5th Cir. 2013). If the plaintiff makes this case, the burden shifts to the defendant to show that it reasonably accommodated the employee or was unable to do so without undue hardship. *Id*.

To make her *prima facie* case, the plaintiff must show: 1) that she had a *bona fide* religious belief that conflicted with an employment requirement; (2) that she informed the employer of her belief; and (3) that she was discriminated against for failing to comply with the conflicting employment requirement. *Weber v. Roadway Express*, Inc., 199 F.3d 270, 273 (5th Cir. 2000).

For the vast majority of her career with TCH, the plaintiff voluntarily received a flu shot. The exemption form reasonably asked the plaintiff to explain what about her beliefs changed such that she could no longer receive the shot. The plaintiff did not address this important question, leaving TCH at a loss of how to evaluate the sincerity of the conflict between the plaintiff's beliefs and the flu vaccine which she had received many times before. "[A]n adherent's belief would not be 'sincere' if he acts in a manner inconsistent with that belief." *Int'l Soc. For Krishna Consciousness, Inc. v. Barber*, 650 F.2d 430, 441 (2d Cir. 1981); "Evidence tending to show that an employee acted in a manner inconsistent with his professed religious belief is, of course, relevant to the factfinder's evaluation of sincerity." *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 57 (1st Cir. 2002). The plaintiff cannot refuse to answer a reasonable

question on the exemption form and then fault her employer for not engaging in an interactive dialogue. Thus, the plaintiff has not made her *prima facie* case.

Even if the plaintiff had made her *prima facie* case, THC has reasonably accommodated her. Once the plaintiff explained how her beliefs about vaccines changed, TCH promptly invited her to return to work. Thus, five days after the plaintiff explained to the Court how her beliefs changed—and after only two days of administrative leave—TCH fully accommodated the plaintiff's request. Despite this accommodation, the plaintiff has not modified her request for relief, which includes an injunction. It is unclear what relief the plaintiff still seeks from this lawsuit. Regardless, even if the accommodation was slightly delayed, delay only amounts to a "violation to the extent it renders an accommodation (if any) unreasonable." *Schilling v. Louisiana Dep't of Transportation & Dev.*, 662 F. App'x 243, 247 (5th Cir. 2016). TCH has shown a promptness and flexibility that is reasonable under Title VII, and any delay does not rise to a violation.

*Retaliation*

The plaintiff's retaliation claim is also unavailing. Under Title VII, an employee engages in protected activity if she has either "opposed any practice made an unlawful employment practice by this subchapter," or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The plaintiff identifies two activities for which she was allegedly retaliated against—receiving the flu vaccine for years prior to her change in belief and filing an EEOC charge. The former is not protected

activity. The latter is, but the plaintiff cannot show that she was retaliated against *because* she filed an EEOC charge. The threat of unpaid leave and termination—which have both now vanished due to TCH's accommodation—preceded her EEOC charge. Thus, the plaintiff does not allege, nor can she show, a correlation between any action by TCH and the filing of her EEOC charge that amounts to retaliation.

Finally, to the extent that the plaintiff advances disparate treatment as a theory of liability, it also fails. The plaintiff has not identified any comparators; indeed, she was not replaced by anyone, as she still works at TCH.

## VI.  CONCLUSION

Based on the foregoing analysis and discussion, TCH is entitled to summary judgment on each of the plaintiff's claims. The defendant's motion for summary judgment is therefore **GRANTED**.

It is so **ORDERED**.

SIGNED on March 19, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge